**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| PAUL MARSHALL, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:24-CV-266-PPS-JEM |
| | ) | |
| MICHELLE DVORSCAK, *et al.*, | ) | |
| Defendants. | ) | |

**FINDINGS, REPORT, AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE PURSUANT TO**
**28 U.S.C. § 636(b)(1)(B) & (C)**

This matter is before the Court on Lake County Farm Bureau Co-Operative Association Inc.'s Motion for Judgment on the Pleadings [DE 27], filed by Defendant Farm Bureau on February 19, 2025, and a Motion for Leave of Court to File Plaintiff's Amended Complaint [DE 31], filed by Plaintiff on March 24, 2025.

On June 4, 2025, District Court Judge Philip P. Simon entered an Order [DE 33] referring the motion for judgment on the pleadings [DE 27] to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). The motion to amend complaint is not subject to the referral.

**I.    Background**

On August 1, 2024, Plaintiff filed a complaint for violations of his constitutional rights and recovery in tort arising out of an animal abuse investigation. Defendant Farm Bureau filed the instant motion for judgment on the pleadings on February 19, 2025, and in lieu of a response brief Plaintiff filed the instant Motion to Amend on March 24, 2025. Farm Bureau filed a response to

1

the motion to amend on April 7, 2025. None of the other defendants filed a response, and Plaintiff did not file a reply in support of his motion to amend within the time allotted to do so.

Plaintiff's complaint and proposed amended complaint include claims for: Count I, violation of Plaintiff's Fourteenth Amendment right to Due Process pursuant to Section 1983; Count II, deprivation of Plaintiff's Fourteenth Amendment rights; Count III, negligence and failure to intervene; Count IV, conspiracy to deprive Plaintiff of his Fourth and Fourteenth Amendment rights; Count V, intentional infliction of emotional distress; Count VI, malicious prosecution; Count VII, a respondeat superior claim seeking to hold employers liable for the actions of their employees; Count VIII, negligence in criminal investigation; Count IX, negligence per se; Count X, defamation; and Count XI, tortious interference with business relationships.

## II.    Standard of Review

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed–but early enough not to delay trial–a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The Court applies the same standard to a motion for judgment on the pleadings under Rule 12(c) as is used to determine motions to dismiss for failure to state a claim under Rule 12(b)(6). *See Guise v. BWM Mortg., LLC*, 377 F.3d 795, 798 (7th Cir. 2004). When addressing a motion for judgment on the pleadings, the Court must "view the facts in the complaint in the light most favorable to the nonmoving party and will grant the motion only if it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief." *Buchanan-Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (quoting *N. Ind. Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998)) (internal quotations omitted). When ruling on a 12(c) motion, the Court considers only the pleadings, which "include the complaint,

2

the answer, and any written instruments attached as exhibits." *N. Ind. Gun & Outdoor Shows*, 163 F.3d at 452.

To survive a 12(c) motion for judgment on the pleadings, the complaint must first comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). Second, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570); *see also Tamayo*, 526 F.3d at 1082. The Supreme Court explained that the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quotation marks and brackets omitted); *see also Iqbal*, 556 U.S. at 678-79; *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). The Seventh Circuit Court of Appeals has explained that "[t]he complaint 'must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level.'" *Indep. Tr. Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012) (quoting *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Serv., Inc.*, 536 F.3d 663, 668 (7th Cir. 2008)). In order "[t]o meet this plausibility standard, the complaint must supply enough fact to raise a reasonable expectation that discovery will reveal evidence supporting the plaintiff's allegations." *Indep. Tr. Corp.*, 665 F.3d at 934-935 (quoting *Twombly*, 550 U.S. at 556) (quotation marks omitted). Additionally, "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

3

Federal Rule of Civil Procedure 15(a) provides that, when a party seeks leave to amend a pleading, the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Thus, if the underlying facts or circumstances relied upon by a plaintiff are potentially a proper subject of relief, the party should be afforded an opportunity to test the claim on the merits. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The decision whether to grant or deny a motion to amend lies within the sound discretion of the district court. *Campbell v. Ingersoll Milling Mach. Co.*, 893 F.2d 925, 927 (7th Cir. 1990). However, leave to amend is "inappropriate where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." *Villa v. City of Chicago*, 924 F.2d 629, 632 (7th Cir. 1991) (citing *Foman*, 371 U.S. at 183).

## II.    Analysis

In its motion, Farm Bureau argues that it is entitled to judgment on the pleadings on all claims against it in the complaint. In the motion to amend filed in response, Plaintiff argues generally that the proposed amendment cures any deficiencies in his claims by pleading additional facts, but does not specifically address any of Farm Bureau's arguments. In response, Farm Bureau argues that the motion is futile and does not address the issues raised in its motion for judgment on the pleadings.

Plaintiff's claims arise out of a state court case charging him with cruelty to an animal. The initial complaint does not identify which claims are alleged against which defendants, or which specific actions each individual defendant is alleged to have taken. The proposed amended complaint does include some reference to the defendants individually, rather than as just "the

4

defendants," and includes some specific allegations naming Farm Bureau. In particular, the proposed amended complaint alleges that Farm Bureau "falsely accused Mr. Marshall of mistreating his animals and knowingly made false reports to the Lake County Sheriff's Department," Am. Compl. ¶ 16 [DE 31-1], which led to charges being filed against him and a warrant being issued on March 25, 2020. Farm Bureau argues that the initial complaint fails to state a claim against it and the proposed amended complaint does not cure those deficiencies. In particular, it argues that a number of claims are barred by the applicable statute of limitations, and several of the individual claims fail to adequately state a claim against Farm Bureau.

A. Statute of Limitations

Farm Bureau argues that Plaintiff's claims against Farm Bureau for defamation, negligence, negligence per se, and intentional infliction of emotional distress, as well as constitutional violations under 42 U.S.C. § 1983, are all time-barred. Indiana's personal injury statute of limitations is two years. Ind. Code § 34-11-2-4; *see also Hall v. Shaw*, 147 N.E.3d 394, 401 (Ind. Ct. App. 2020) ("Section 34-11-2-4 applies to claims of defamation."). There is no specific statute of limitations for constitutional violations; courts apply the applicable state statute of limitation for personal injury actions. *Nieta v. City of Chicago*, 830 F.3d 494, 498 (7th Cir. 2016); *Behavioral Institute of Indiana, LLC v. Hobart City of Common Council*, 406 F.3d 926, 929 (7th Cir. 2005). This means that any claim for a violation of 42 U.S.C. § 1983 and any personal injury claim must be brought within two years of the date that the conduct occurred or the date when Plaintiff learned of the conduct. As described below, Farm Bureau is a private entity who cannot be held liable under 42 U.S.C. § 1983, so the Court does not address any statute of

limitations arguments with respect to those constitutional claims, but notes that it appears they also would be barred by the statute of limitations for the same reasons as the personal injury claims.

The original complaint was filed on August 1, 2024, and the motion to amend on March 24, 2025, so in order for them to be timely, Plaintiff must have become aware of the possible personal injury claims after August 1, 2022. Neither the original nor proposed amended complaint include many specific dates. They do allege that the warrant against Plaintiff for charges of animal abuse was issued on March 25, 2020, that Plaintiff filed of a motion to dismiss on November 2, 2022, and that the state court complaint was dismissed on November 15, 2022, and refers to a video recording taken of Plaintiff on October 11, 2020. Most of these dates are prior to the two-year statute of limitations. Only actions that occurred after August 1, 2022, can form the basis of an actionable personal injury claim. In addition, the Court notes some inconsistencies in even these few dates that were included. Plaintiff indicates that the charges against him were based on a video taken in October 2020, which is seven months *after* the charges were filed in March 2020. And there are no dates at all given with reference to any actions taken by Farm Bureau and/or its employees.

In Count III of the complaint and proposed amended complaint, Plaintiff alleges that unnamed defendants failed to intervene to protect his constitutional rights, actions "tacitly ratified by policymakers of Lake County." Compl. ¶¶ 53, 55. The proposed amended complaint adds allegations that Farm Bureau, "by way of its employees[,] was aware and knew Mr. Marshall treated his animals within the requisite standards, yet continued to falsely accuse Mr. Marshall for the mistreatment of his animals." Am. Compl. ¶ 58. No dates are included for when these false accusations were made, and Plaintiff did not address the statute of limitations argument in any of

6

his briefing, waiving the argument that the accusations occurred between August 1, 2022, and the time the state court case was dismissed in November 2022. *Wojtas v. Cap. Guardian Tr. Co.*, 477 F.3d 924, 926 (7th Cir. 2007) (affirming grant of judgment on the pleadings because "[plaintiff]s' failure to offer any opposition to [the] statute of limitations argument constituted a waiver") (citing *Cincinnati Ins. Co. v. E. Atl. Ins. Co.*, 260 F.3d 742, 747 (7th Cir.2001)).

Count V asserts claims of intentional infliction of emotional distress. The original complaint does not mention Farm Bureau, but generally asserts that "by knowingly and wrongfully inculpating and prosecuting Plaintiff for a crime he did not commit, Defendants intended to cause emotional distress." Compl. ¶ 65. The proposed amended complaint names Farm Bureau, alleging that Plaintiff "conducted business with them regularly" but that "[r]ather than contact Mr. Marshall regarding the accused conduct, Lake County Farm Bureau Co-Operative Association Inc. employees made false reports and falsely accused Mr. Marshall of mistreating his animals," Am. Compl. ¶ 72, causing Plaintiff to need to "find another source for resources provided by the aforementioned [Farm Bureau], causing him undue burdens and distress." ¶ 73. It appears that the alleged false reports of abuse were made prior to the charges being filed against Plaintiff, and Plaintiff has waived any argument that they continued after August 1, 2022. *Wojtas*, 477 F.3d at 926. This claim, both as pled in the operative complaint and as proposed in the amended complaint, is barred by the statute of limitations.

Plaintiff alleges claims of negligence in Counts VIII and IX. There are no dates, specific actions, or specific actors alleged in the complaint, just a general allegation that "[a]ll Defendants, while acting under color of law and within the scope of their employment, owed the duty to Plaintiff to conform their standard of care arising from this relationship with the Plaintiff," Compl.

7

¶ 80, and violated applicable federal and state laws in their conduct. ¶ 84. The proposed amended complaint adds allegations specific to Farm Bureau in Count VII, that it "acted with reckless disregard for the truth and blindly supported Lake County's criminal investigation in an unwarranted nature," Am. Compl. ¶ 90, but there is no reference to Farm Bureau in the proposed amendment to Count IX. Again, the criminal investigation occurred more than two years before this case was filed, and Plaintiff has not argued otherwise. These counts are time-barred.

As with the other allegations in the complaint, Count X for defamation[1] includes no dates and does not specifically identify any individuals who made false statements or the dates those statements were made. The proposed amendment includes the generic allegations of false statements made by defendants, and adds a paragraph alleging that Fam Bureau, "by way of its employees, openly discussed and informed the public of the false accusation against Mr. Marshall. The false allegations spread through the Lake County farming community resulting in irreparable damages to Mr. Marshall and his family." Am. Compl. ¶ 100. There is no indication that any of the comments were made after August 2022 and Plaintiff has not argued otherwise, so this claim too is time-barred.

In short, it does not appear from the operative complaint or the proposed amended complaint that Plaintiff's claims for negligence, intentional infliction of emotional distress, or

---

[1] Farm Bureau also argues that Plaintiff's claim for defamation does not meet Indiana's heightened pleading standard. However, heightened state pleading laws "of course do[] not apply in federal court." *Muzikowski v. Paramount Pictures Corp.*, 322 F.3d 918, 926 (7th Cir. 2003) (confirming that a federal court sitting in diversity does not apply heightened Illinois pleading rules and finding that the claim for defamation per se satisfied the federal notice pleading standard under Federal Rule of Civil Procedure 8 even if it would not have met Illinois's heightened pleading standard); *McGreal v. AT & T Corp.*, 892 F. Supp. 2d 996, 1016 (N.D. Ill. 2012) ("When filed in federal court, a claim for defamation per se is held to 'the usual rules for notice pleading established by Rule 8.' Thus, in order to survive a Rule 12(b)(6) motion to dismiss in federal court, a defamation per se claim must 'state a claim to relief that is plausible on its face.'") (quoting *Muzikowski*, 322 F.3d at 926; *Iqbal*, 556 US at 697).

defamation arose after August 2022, and Plaintiff does not argue otherwise, so all of these claims are barred by the applicable statute of limitations. *Wojtas*, 477 F.3d at 926. The Court denies the motion to amend the complaint as to Counts III, V, VIII, IX, and X, and recommends that judgment be entered as to Defendant Farm Bureau and against Plaintiff on these claims.

    B. <u>Constitutional Violations</u>

Farm Bureau argues that judgment should be entered in its favor and the amended pleading should not be permitted as to the claims for the constitutional violation alleged in Count I, a claim for violation of Plaintiff's 14th Amendment due process rights; Count II, for violation of Plaintiff's 14th amendment right to be free of detention without probable cause; and Count IV, for conspiracy to deprive Plaintiff of his constitutional rights.

The Fourteenth Amendment Due Process Clause provides: "No State shall . . . deprive any person of life, liberty, or property without due process of law." U.S. Const. Amend. XIV. The "Fourteenth Amendment[] to the Constitution protect[s] citizens from conduct by the government, but not from conduct by private actors, no matter how egregious that conduct might be." *Hallinan v. Fraternal Ord. of Police of Chicago Lodge No. 7*, 570 F.3d 811, 815 (7th Cir. 2009). Under 42 U.S.C. Section 1983, an individual may bring a claim against a person acting under the color of state law for a violation of their constitutional right. *Colbert v. City of Chicago*, 851 F.3d 649, 656 (7th Cir. 2017). However, "[l]ike the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982)). Farm Bureau argues that it is not a

state actor for liability under Section 1983. Plaintiff nowhere alleges that Farm Bureau is a state actor and does not address this argument in any briefing on the instant motions.

Plaintiff also alleges that Farm Bureau participated in a conspiracy to deprive him of his constitutional rights. In order to establish liability under § 1983 for a private entity, the "plaintiff must demonstrate that: (1) a state official and private individual(s) reached an understanding to deprive the plaintiff of his constitutional rights, and (2) those individual(s) were willful participant[s] in joint activity with the State or its agents." *Fries v. Helsper*, 146 F.3d 452, 457 (7th Cir. 1998). "[M]ere allegations of joint action or a conspiracy do not demonstrate that the defendants acted under color of state law and are not sufficient to survive a motion to dismiss." *Spiegel v. McClintic*, 916 F.3d 611, 616 (7th Cir. 2019), *cert. denied*, 140 S. Ct. 51, 205 L. Ed. 2d 43 (2019) (citing *Fries*, 146 F.3d at 458)).

In this case, Count IV of the original complaint describes actions taken by alleged conspirators but does not include any reference to Farm Bureau. The proposed amended complaint alleges that Farm Bureau "worked with and colluded with all other named defendants in this complaint to deprive Mr. Marshall of his rights." Am. Compl. ¶ 66. The specific acts of the conspiracy include depriving Plaintiff of exculpatory material and detaining him without probable cause. Farm Bureau argues that the proposed amendment is futile because of its lack of specificity.

To the extent Plaintiff is alleging that employees of Farm Bureau acted to deprive him of his constitutional rights, not only is that not clear from the allegations in contravention of Rule 8(a), but "a 'private corporation is not vicariously liable under § 1983 for its employees' deprivations of others' civil rights.'" *Gayton v. McCoy*, 593 F.3d 610, 622 (7th Cir. 2010) (quoting *Iskander v. Vill. of Forest Park*, 690 F.2d 126, 128 (7th Cir.1982). Furthermore, "mere suspicion

10

that persons adverse to the plaintiff had joined a conspiracy against him or her [is] not enough." *Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009) (upholding motion to dismiss where "[t]he complaint . . , though otherwise detailed, is bereft of any suggestion, beyond a bare conclusion, that the remaining defendants were leagued in a conspiracy" and "[n]o factual allegations tie the defendants to a conspiracy with a state actor"); *see also Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) ("[A]t the pleading stage . . . plaintiffs' '[f]actual allegations must be enough to raise a right to relief above the speculative level.'. . . [C]ourts must accept a plaintiff's factual allegations as true, but some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim.") (quoting *Twombly*, 550 U.S. at 555). As Farm Bureau argues, the pleadings do not allege any specific actions taken by Farm Bureau that directly contributed to the state actors' keeping exculpatory materials away from Plaintiff or detaining him.

The Court finds that the proposed amendment's claims for Fourteenth Amendment violations in Counts I and II and claim of conspiracy to deprive Plaintiff of constitutional rights in Count IV are futile as to Farm Bureau and recommends that judgment be entered on these counts Farm Bureau's favor.

### C. Malicious Prosecution

Farm Bureau argues that Plaintiff's complaint and proposed amended complaint fail to state a claim against it for malicious prosecution. To prevail on an Indiana malicious prosecution claim, a plaintiff must show "the defendant, acting with malice and without probable cause, instituted or caused to be instituted a prosecution that terminated in the plaintiff's favor." *Reynolds v. United States*, 549 F.3d 1108, 1114-1115 (7th Cir. 2008). Malice may be "inferred from a total

11

lack of probable cause, from the failure to make a reasonable or suitable inquiry, and from a showing of personal animosity" *Id.* at 1115 (quoting *Kroger Food Stores, Inc. v. Clark*, 598 N.E.2d 1084, 1089 (Ind. Ct. App. 1992)).

The complaint sets forth the requirements for a malicious prosecution claim generally against all of the defendants, and the proposed amended complaint adds an allegation that Farm Bureau "assisted in Lake County's investigation into the false accusations and supported the false accusations." Am. Compl. ¶ 80. Farm Bureau argues that the allegations that it falsely accused Plaintiff of mistreating animals and knowingly made false reports to the Sheriff's Department, even with the new allegation in the proposed amended complaint, are insufficient to state a claim against it for malicious prosecution because of the intervening actions of the prosecutor, who investigated and ultimately instituted the criminal action against Plaintiff. Farm Bureau refers to three cases in which the Indiana Court of Appeals upheld the grant of summary judgment to defendants in cases where there was an investigation and a law enforcement officer instituted the criminal action against the plaintiffs, *Bah v. Mac's Convenience Stores, LLC*, 37 N.E.3d 539 (Ind. Ct. App. 2015), *trans. denied*, *Ali v. Alliance Home Health Care, LLC*, 53 N.E.3d 420 (Ind. Ct. App. 2016) and *Donovan v. Hoosier Park, LLC*, 84 N.E.3d 1198 (Ind. Ct. App. 2017). However, this case is before the Court on the question of whether Plaintiff has stated a claim for malicious prosecution, not whether he has presented the evidentiary support for that claim. "In Bah, Ali, and Donovan, summary judgement was entered in favor of the defendants because designated evidence of an intervening investigation established that the authorities were the proximate cause of the prosecution, not the person or entity who initially alerted the authorities." *Hall v. Shaw*, 147 N.E.3d 394, 404 (Ind. Ct. App. 2020).

12

This Court, like that in *Hall*, is charged with determining whether the allegations are sufficient to state a claim for malicious prosecution, not determining whether summary judgment is appropriate. Despite Farm Bureau's urging, "[n]one of the three cases stated, or was based on the proposition, that such claims [as in Bah, Ali, and Donovan] are barred." *Id*. Plaintiff has alleged that the actions of Farm Bureau caused the Sheriff's office to investigate him for animal mistreatment and participated in the investigation and the proposed amended complaint states a claim on which relief can be granted. Although the allegations in the proposed amended complaint are sparse, "it is sufficient to allow a finding that Defendants were the 'proximate and efficient cause' of [the plaintiff]'s prosecution." *Id*. at 405, quoting (*W. Oil Ref. Co. v. Glendenning*, 90 Ind. App. 631, 156 N.E. 182, 184–85 (1927)). Accordingly, amendment will be permitted as to Count VI.

D. <u>Other Claims</u>

Farm Bureau does not make any specific arguments, either in the motion for judgment on the pleadings or opposing the motion to amend, regarding Count XI, tortious interference with business relationships. Accordingly, the Court does not recommend that judgment be entered on this claim and its amendment will be permitted.

Similarly, Farm Bureau does not explicitly argue that judgment should be entered on Count VII, a claim for respondeat superior, or that the proposed amendment is futile. Count VII primarily addresses employees of government entities and their employees. The proposed amended pleading alleges that Farm Bureau "is liable for the actions and false reports initiated by its employees, agents, and/or volunteers." Am. Compl. ¶ 85. Farm Bureau points out that there is no respondeat superior liability under section 1983, and the Court notes that the statute under which Plaintiff is

13

bringing this claim, Indiana Code 34-13-3-5, *see* ¶ 82, applies only to governmental entities. To the extent that Plaintiff is seeking to hold Farm Bureau responsible for the actions of its agents or employees taken in the scope of their employment with respect to the claims that are proceeding against Farm Bureau, this claim may proceed as described in the proposed amended complaint only to the extent permitted by law.

### III.    Conclusion

For the foregoing reasons, the Court **RECOMMENDS** that District Court Judge Philip P. Simon **GRANT in part** Lake County Farm Bureau Co-Operative Association Inc.'s Motion for Judgment on the Pleadings [DE 27] and enter judgment in Defendant Lake County Farm Bureau Co-Operative Association's favor on Count I, violation of Plaintiff's Fourteenth Amendment right to Due Process pursuant to Section 1983; Count II, deprivation of Plaintiff's Fourteenth Amendment rights; Count III, negligence and failure to intervene; Count IV, conspiracy to deprive Plaintiff of his Fourth and Fourteenth Amendment rights; Count V, intentional infliction of emotional distress; Count VIII, negligence in criminal investigation; Count IX, negligence per se; and Count X, defamation.

This Report and Recommendation is submitted pursuant to 28 U.S.C. § 636(b)(1)(B). Pursuant to 28 U.S.C. § 636(b)(1), the parties shall have fourteen (14) days after being served with a copy of this Recommendation to file written objections to the decision on the Motion for Sanctions with the Clerk of Court. The failure to file a timely objection will result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *Willis v. Caterpillar, Inc.*, 199 F.3d 902, 904 (7th Cir. 1999); *Hunger v. Leininger*, 15

F.3d 664, 668 (7th Cir. 1994); *Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260-261 (7th Cir. 1989).

The Court **GRANTS in part** the Motion for Leave of Court to File Plaintiff's Amended Complaint [DE 31] and **ORDERS** that Plaintiff may amend his complaint to include, as to Defendant Lake County Farm Bureau Co-Operative Association, only the proposed claims for Count VI, malicious prosecution; Count VII, respondeat superior to the extent described herein; and Count XI, tortious interference with business relationships. The complaint may be amended as proposed as to the other defendants, who have not objected. The amended complaint must be filed by **June 23, 2025**, with all of the defendants to file their response pleadings by **July 14, 2025**.

SO ORDERED this 17th day of June, 2025.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:    All counsel of record
       Judge Philip P. Simon

15