**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| PAUL MARSHALL,<br><br>Plaintiff,<br><br>v.<br><br>MICHELLE DVORSCAK, as-of-yet UNKNOWN EMPLOYEES OF LAKE COUNTY, LAKE COUNTY, LAKE COUNTY SHERIFF'S DEPARTMENT, and LAKE COUNTY FARM BUREAU CO-OPERATIVE ASSOCIATION, INC.<br><br>Defendant. | ) | NO. 2:24-cv-266 |

**OPINION AND ORDER**

On July 24, 2026, I granted the Lake County Farm Bureau's motion for summary judgment. [DE 73.] The order disposed of all of Plaintiff's claims against the Farm Bureau; however, there remains claims to be resolved against other defendants in this case. About a month after my order, the Farm Bureau moved to amend the order to expressly find that there is no just reason for delay and make the summary judgment order a final judgment in the Farm Bureau's favor. [DE 74.] The Farm Bureau states that it is seeking this amendment because it "desires finality as to the claims that this Court has adjudicated." *Id.*

While my order on July 24, 2026 disposed of all of the claims against the Farm Bureau, I do not find that there is no just reason for delay. "To avoid time-consuming duplicative appeals, the norm in litigation—embodied in the general rule that a final judgment is one that leaves nothing to be decided—is one appeal per case." *United*

*States v. Ettrick Wood Prods.*, 916 F.2d 1211, 1218 (7th Cir. 1990) (citing *Horn v. Transcon Lines, Inc.*, 898 F.2d 589, 592 (7th Cir. 1990)). So, to avoid piecemeal appeals that may result from granting final judgments to parties in cases where claims against other defendants are still being adjudicated, Courts often do not make such judgments final absent a good reason to do so. *See Nilles v. DS1 Logistics, Inc.*, 2024 WL 1071078, at *1 (N.D. Ind. Feb. 2, 2024).

The preference to avoid piecemeal appeals is a just reason not to make the judgment final, and the Farm Bureau has not persuaded me otherwise. First, while the Farm Bureau states in a conclusory fashion that the claims against it do not overlap with Plaintiff's remaining claims, that is not the case. The claims involve the same key facts, and the actions of the Farm Bureau's employees are intertwined with those facts and claims. [DE 73.] To allow this case to go up on appeal twice would result in the Circuit needing to retread much of the same ground. Second, the Farm Bureau's general desire for finality is a desire shared by many litigants, but it does not trump the general rule of providing the Circuit with "one appeal per case." *Ettrick Wood Prods.*, 916 F.2d at 1218.

**SO ORDERED.**

ENTERED: September 2, 2026.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT